UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| COREY BURNS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-164 |
| | § | |
| TIMOTHY M. RASKA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants/prison officials at the McConnell Unit in Beeville, Texas, used excessive force against him. Pending is plaintiff's motion for appointment of counsel (D.E. 14).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the court's

discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. According to plaintiff, defendants, used excessive force against him while he was handcuffed. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Id. Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent. Plaintiff appears, at this early stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id. Examination of this factor is premature because the case has not yet been set for trial. Dispositive motions have not yet been filed.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 14)

is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

    ORDERED this 19th day of September, 2008.

                                               B. JANICE ELLINGTON
                                               UNITED STATES MAGISTRATE JUDGE